IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISON

THEOPHOULIS JOHNSON                                              PLAINTIFF

vs.                                                              NO. 3:17cv437DPJ-FKB

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION
LOCAL 214                                                        DEFENDANT

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et. seq.*, as amended by the Civil Rights Act of 1991) (hereinafter "Title VII"), the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") 29 U.S.C. §621, *et. seq.*, and 42 U.S.C. §1981 ("Section 1981").

2. Plaintiff Theophoulis Johnson ("Plaintiff" or "Mr. Johnson") alleges that Defendant Sheet Metal Workers' International Association Local 214 ("Defendant" or "Local 214"), violated his rights as guaranteed by Title VII, the ADEA, and Section 1981 by failing to refer him for work opportunities to which it referred other non-minority, younger union members and otherwise interfering with his ability to obtain employment.

### THE PARTIES

3. Plaintiff is an adult resident citizen of Jackson, Hinds County, Mississippi.

4. At all times relevant to this Complaint, Plaintiff was a member of Local 214.

5. At all times relevant hereto the Defendant was an "labor organization" within the meaning of 42 U.S.C. §§ 2000e (e) and (d), and it conducts business at 510 Guidici Street, Jackson, Hinds County, Mississippi, which is within the Southern District of Mississippi, Northern Division.

6. Defendant can be served with process through its Business Agent, Randy Thomason, at Sheet Metal Workers' office located at 510 Guidici Street, Jackson, MS 39204.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et. seq.*, as amended by the Civil Rights Act of 1991) (hereinafter "Title VII"), the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA") 29 U.S.C. §621 *et. seq.*, and 42 U.S.C. §1981 ("Section 1981"). Venue in this district is proper for the Defendant pursuant §28 U.S.C. §1391(b) & (c).

## FACTS

8. Plaintiff is African-American. He is currently sixty-six (66) years old.

9. At all times relevant to this Complaint, Plaintiff was a member of the Sheet Metal Workers Local No. 214 ("Defendant"), with over forty-four (44) years of experience as a sheet metal worker.

10. At all times relevant to this Complaint, Defendant maintained an out-of-work list ("OWL") for unemployed sheet metal workers. Members of Local 214, who were available for employment, signed the OWL and when a contractor contacted Defendant, Defendant was required to connect its out-of-work members to Local 214 contractors on a first in first out basis.

11. Defendant placed his name on the OWL in August 2012 and continued to solicit referrals through July 2015; however, Defendant continuously passed him over for job referrals in favor of non-minority, less qualified, younger individuals.

12. Defendant deliberately interfered with Plaintiff's ability to obtain sheet metal work by, inter alia, ensuring that he was not notified of available positions.

13. The Sheet Metal Workers' National Pension Fund (NPF) provides retirement income and related benefits such as disability benefits and assistance with the cost of Medicare coverage (e.g. SMW+ or Medicare Advantage Prescription Drug (MAPD) coverage), to employees who work in the unionized segment of the sheet metal industry.

14. Under the fund's pension plan, sheet metal workers earn Pension Credits based on the number of hours they work each year.

15. Extended breaks in service will result in an employee losing all the benefits they earned, including all Pension Credit and their credited Years of Service.

16. The fact that Defendant continuously passed Plaintiff over for job referrals in favor of non-minority, less qualified, younger individuals resulted in forfeiture of Plaintiff's Pension Credits and Years of Service. As a result, Plaintiff is no longer eligible for pension benefits.

17. Prior to filing this lawsuit, Plaintiff exhausted all necessary administrative procedures by filing appropriate charges with the Equal Employment Opportunity Commission ("EEOC") for race and age discrimination. A copy of the charge of discrimination filed on behalf of Plaintiff is attached hereto as Exhibit 1 and made a part hereof.

18.     In August 2016 the EEOC issued a probable cause determination regarding Plaintiff's complaints of discrimination which, in part, states:

> Based on the absence of evidence and Respondent's intent to defeat the laws enforced by the Commission, Charging Party is entitled to the presumption that documents would have shown that Respondent discriminated against him, as alleged under Title VII and under the ADEA.

(A copy of the EEOC's Determination letter is attached as Exhibit 2).

19.     Defendant refused to engage in the EEOC's conciliation efforts. As a result, the EEOC issued a right to sue notification with regard to the race and age discrimination charge. (A copy of the Right-to-Sue letter is attached as Exhibit 3)

## COUNT I - RACE DISCRIMINATION

20.     Plaintiff hereby incorporates paragraphs 1 through 19 of this Complaint.

21.     Defendant's actions discriminated against Plaintiff on the basis of race in that similarly situated Caucasian and other non-minority employees were treated more favorable with respect to job referrals than Plaintiff.

22.     Defendant acted intentionally, willfully, with knowledge that its actions violated federal law and/or wth reckless disregard for Plaintiff's legally protected rights when it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et. seq. and Section 1981.

## COUNT II - AGE DISCRIMINATION

23.     Plaintiff hereby incorporates paragraphs 1 through 22 of this Complaint.

24.     Defendant's actions discriminated against Plaintiff on the basis of his age in that similarly situated Caucasian and other younger employees were treated more favorably with respect to job referrals than Plaintiff.

25. Defendant acted intentionally, willfully, with knowledge that its actions violated federal law and/or with reckless disregard for Plaintiff's legally protected rights when it violated the ADEA 29 U.S.C. §621, *et. seq.*

## COUNT III - BREACH OF DUTY OF FAIR REPRESENTATION

26. Plaintiff hereby incorporates paragraphs 1 through 25 of this Complaint.

27. Defendant had a statutory obligation to fairly represent the interests of all members of Local 214 without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

28. Defendant breached its duty of fair representation by denying Plaintiff work opportunities because of his race and age.

29. Defendant's actions were arbitrary, discriminatory, and /or in bad faith.

## PRAYER FOR RELIEF

30. As a result of the Defendant's conduct, as herein described, Plaintiff seeks recovery of his lost wages, lost benefits, front pay, medical expenses, and other compensatory and economic damages.

31. As a result of the Defendant's conduct, as herein described, Plaintiff has suffered embarrassment, humiliation, and emotional distress, for which Plaintiff seeks recovery.

32. Defendant's conduct as herein described herein was willful, outrageous, and/or performed in reckless disregard of the plaintiff's rights under the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1967 as amended, and Section 1981, entitling Plaintiff to the recovery of punitive and/or liquidated damages against the defendant.

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a trial by jury for all issues deemed so triable.

**WHEREFORE**, the plaintiff requests that this Honorable Court enter judgment in his favor for compensatory, attorney's fees and costs incurred in connection with this litigation, pre-judgement and post-judgment interest, punitive and/or liquidated damages, and to award him such other relief as is appropriate and equitable under the circumstances.

**RESPECTFULLY SUBMITTED**, this the 2nd day of June 2017.

**THEOPHOULIS JOHNSON**

BY: TAYLOR JONES & ASSOCIATES, PLLC

_____
VIKKI J. TAYLOR, ESQ.

Of Counsel:
Vikki J. Taylor (MSB #9540)
Post Office Box 1992
Madison, MS 39130-1992
368 Highland Colony Parkway
Suite 176
Ridgeland, MS 39157
Telephone (601) 608-8604
vikki@taylorjoneslaw.com