IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| THEOPHOULIS JOHNSON, | § | |
|     Plaintiff, | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. |
| | § | 3:17-cv-00437-DPJ-FKB |
| SHEET METAL WORKERS' | § | |
| INTERNATIONAL ASSOCIATION | § | |
| LOCAL 214 | § | |
|     Defendant. | § | |

## DEFENDANT'S ANSWER TO
## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION LOCAL 214, ("Local 214" or the "Union"), files its Answer to THEOPHOULIS JOHNSON'S ("Johnson" or "Plaintiff") the Complaint and Demand for Jury Trial ("the Complaint") as follows:

### NUMBERING AND SUBTITLES

Insofar as possible, Local 214 has numbered and subtitled its Original Answer to correspond with and follow the subdivisions within the Complaint. Usage of Plaintiff's numbering and subtitles in no way constitutes an admission.

### INTRODUCTION

1. Local 214 admits that Johnson alleges the claims in paragraph 1 of the Complaint, but denies that Johnson has any valid claims.

2. Local 214 admits that Johnson alleges the claims in paragraph 2 of the Complaint, but denies they occurred.

## THE PARTIES

3. Local 214 admits the allegations in paragraph 3 of the Complaint.

4. Local 214 denies the allegations in paragraph 4 of the Complaint.

5. Local 214 admits the allegations in paragraph 5 of the Complaint.

6. Local 214 admits the allegations in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Local 214 admits that Johnson alleges the claims in paragraph 7 of the Complaint, but denies that Johnson has any valid claims.

## FACTS

8. Local 214 admits the allegations in paragraph 8 of the Complaint.

9. Local 214 denies the allegations in paragraph 9 of the Complaint. Johnson was not a member of Local 214 at all relevant times and Local 214 does not have knowledge of the total years of experience alleged.

10. Local 214 denies the allegations in paragraph 10 of the Complaint, but admits Local 214 utilized an OWL.

11. Local 214 denies the allegations in paragraph 11 of the Complaint.

12. Local 214 denies the allegations in paragraph 12 of the Complaint.

13. Local 214 admits the allegations in paragraph 13 of the Complaint, but would state that the NPF Plan documents are governing the terms of the Plan.

14. Local 214 admits the allegations in paragraph 14 of the Complaint.

15. Local 214 admits the allegations in paragraph 15 of the Complaint.

16. Local 214 denies the allegations in paragraph 16 of the Complaint.

17. Local 214 admits that Johnson's EEOC charge is Exhibit 1, as referred to in paragraph 17 of the Complaint, but denies that Johnson has any valid claims.

18. Local 214 admits that the letter in Exhibit 2 speaks for itself as referred to in paragraph 18 of the Complaint, but denies that it is admissible evidence of wrong doing by Local 214.

19. Local 214 denies that it refused conciliation efforts as alleged in paragraph 19 of the Complaint, but admits the letter in Exhibit 3 speaks for itself.

## COUNT I – RACE DISCRIMINATION

20. Local 214 repeats and realleges the answers made in paragraphs 1 through 19, above, as if fully set forth herein, in response to paragraph 20 of the Complaint.

21. Local 214 denies the allegations in paragraph 21 of the Complaint.

22. Local 214 denies the allegations in paragraph 22 of the Complaint.

## COUNT II – AGE DISCRIMINATION

23. Local 214 repeats and realleges the answers made in paragraphs 1 through 22, above, as if fully set forth herein, in response to paragraph 23 of the Complaint.

24. Local 214 denies the allegations in paragraph 24 of the Complaint.

25. Local 214 denies the allegations in paragraph 25 of the Complaint.

## COUNT III – BREACH OF DUTY OF FAIR REPRESENTATION

26. Local 214 repeats and realleges the answers made in paragraphs 1 through 25, above, as if fully set forth herein, in response to paragraph 26 of the Complaint.

27. Local 214 admits it has a duty of fair representation, but denies the remaining allegations in paragraph 27 of the Complaint.

28. Local 214 denies the allegations in paragraph 28 of the Complaint.

29. Local 214 denies the allegations in paragraph 29 of the Complaint.

### JOHNSON'S PRAYER FOR RELIEF

30. Local 214 admits Johnson seeks recovery of his alleged lost wages, lost benefits, front pay, medical expenses, and other compensatory and economic damages, but denies he is entitled to any such damages alleged in paragraph 30 of the Complaint.

31. Local 214 admits Johnson seeks recovery for alleged embarrassment, humiliation, and emotional distress, but denies he is entitled to any such recovery as alleged in paragraph 31 of the Complaint.

32. Local 214 denies the allegations in paragraph 32 of the Complaint.

### DEMAND FOR JURY TRIAL

33. Local 214 admits the allegations in paragraph 33 of the Complaint.

### AFFIRMATIVE DEFENSES

34. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

35. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that it is not liable to Plaintiff because Plaintiff has failed to exhaust his administrative remedies.

36. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that it is not liable to Plaintiff because of laches.

37. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that it is not liable to Plaintiff because of waiver.

38. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that Plaintiff's alleged damages, if any, are the product of Plaintiff's own actions or inaction.

39. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that, to the extent that Plaintiff makes State law claims, they are preempted in whole or in part by Federal labor and civil rights law.

40. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that Plaintiff has failed to mitigate his damages, if any.

41. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that it had legal justification or excuse for any actions it may have taken or not taken as to Plaintiff.

42. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that any injuries to Plaintiff occurred because of the acts of another third party or parties, and not Local 214.

43. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Local 214 would affirmatively show the Court that it is not liable to Plaintiff because Plaintiff's claims are barred by the applicable statutes of limitations.

44. Local 214 specifically reserve the right to add to or amend its answer to the allegations contained in Plaintiff's Complaint more fully at a later date when the facts concerning the same may be more exactly developed following disclosures, discovery and investigation, this right being held pursuant to the Constitutions and laws of the United States and the State of Mississippi, and the Federal Rules of Civil Procedure.

## LOCAL 214'S REQUESTS FOR RELIEF

45. WHEREFORE, having fully defended, Local 214 respectfully requests the following relief:

   a. that the Complaint be dismissed, and that Johnson take nothing thereby;

   b. that this Court award Local 214 its costs and reasonable attorney fees; incurred herein, and;

   e. that this Court award Local 214 such other and further relief as to which it may show itself to be properly entitled.

Respectfully Submitted,

PATRICK M. FLYNN, P.C

/s/Patrick M. Flynn
PATRICK M. FLYNN
Texas Bar No. 07199200
1225 North Loop West, Suite 1000
Houston TX 77008-1775
(713) 861-6163
(713) 961-5566 (fax)
pat@pmfpc.com
**ATTORNEY IN CHARGE FOR LOCAL 214**

LOCAL COUNSEL
Roger K. Doolittle
Bar # 6149
One Building
460 Briarwood Dr STE 500
Jackson MS 39206
(601) 957-9777
Doolittlelaw1@yahoo.com

## CERTIFICATE OF SERVICE

      I hereby certify that on 11th of August 2017, I electronically filed the foregoing with the clerk of court of the U.S. District Court, Southern District of Mississippi, Northern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Vikki J. Taylor  
P O Box 1992  
Madison MS 39130-11992  
368 Highland Colony Parkway, STE 176  
Ridgeland MS 39157  
(via CM/ECF)

                                                    /s/ Roger K. Doolittle  
                                                    Roger K. Doolittle